| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Keith Stubblefield, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action 09-3343 |
| Commissioner of Social Security, | § § | |
| Defendant. | § § | |

## Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Keith Stubblefield is not disabled under the Social Security Act. It does.

Stubblefield brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits under 42 U.S.C. § 405(g). The commissioner has moved for summary judgment. Stubblefield has not filed a response.

2. *Standard of Review.*

Judicial review is limited to whether the record has substantial evidence to support the commissioner's decision and whether the commissioner applied the proper legal standards to evaluate the evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the decision must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence need not be greater than a preponderance to be demonstrated. *Id.* at 400–01; *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V. In determining whether there is substantial evidence, this court may not independently try issues afresh or substitute its judgment for that of the commissioner. *Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *Statutory Criteria.*

A disability is the inability to engage in substantial gainful activity due to any medically determinable physical or mental impairment that will result in death or has lasted for a continuous period of twelve months. 42 U.S.C.A. § 423(d)(1)(A). The Social Security Administration has a five-step evaluation process for determining whether an individual is disabled. 20 C.F.R. §404.1520(a)(1). Step one, a claimant is not disabled if he is involved in any substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(I). Step two, a claimant is not disabled unless a medically determinable impairment is severe enough to significantly limit the claimant's physical or mental abilities to do basic work activities and lasts for a minimum of twelve months. 20 C.F.R. §404.1520(a)(4)(ii). Step three, a claimant is not disabled if he does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520(a)(4)(iii). Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of any medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform his past relevant work, then he is not disabled. 20 C.F.R. §404.1520(a)(4)(iv). Step five, a claimant is not disabled if he can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4.  *Medical Background.*

Keith Stubblefield is a 39-year-old man with a high-school education. Stubblefield claims a disabling combination of lower-back and leg pain and depression.

In November, 2006, Stubblefield strained his back at work. Although Stubblefield saw two doctors in the months immediately following the incident, he filed no records of them with the commissioner. In March, 2007, Stubblefield changed physicians. His new doctor diagnosed him with several lumbar problems. He prescribed medication and therapy. Over the next eight months, Stubblefield saw several additional doctors complaining of pain in his lower back. These doctors also directed Stubblefield towards conservative treatment, consisting of medication and therapy. In June, 2008, a doctor recommended that Stubblefield have a lumbar fusion. Dr. David Wimberley performed the surgery in June of 2008. After the surgery, Stubblefield was admitted to the emergency room complaining of headaches and vomiting blood. He continued to visit several doctors, complaining that his back pain had not ceased.

5.  *Claim History.*

The hearing officer denied Stubblefield's disability claim. He considered the five steps. At step one, he found that Stubblefield has not engaged in substantial gainful activity since his injury on November 10, 2006. At steps two and three, the hearing officer found that Stubblefield has severe impairments of status post lumbar fusion and status post leg fracture but that these impairments did not meet or equal a listed impairment for presumptive disability.

The hearing officer then determined that Stubblefield is able to perform sedentary work. This includes carrying ten pounds occasionally and five pounds frequently, sitting or standing at will, and walking up to four hours in an eight hour day. Additionally, Stubblefield is able to get along with others, understand detailed instructions, concentrate on and do detailed tasks, and respond and adapt to changes in the workplace and its supervision. Based on this evaluation, the hearing officer determined that Stubblefield is unable to return to his past work but he is able to find work at a sedentary level in the national economy.

6.  *Discussion.*

Substantial evidence supports the hearing officer's findings. At least eight different doctors have evaluated Stubblefield. None suggests that Stubblefield suffers from a more severe disability than determined by the hearing officer. While the opinions vary slightly, no doctor found Stubblefield to have a functional capacity of less than sedentary. Limitations exist, but they do not constitute a total disability.

Stubblefield complains that the evidence used to evaluate his disability status is old and does not reflect his current health. Stubblefield bears the burden to show that he is disabled. While the majority of these doctors' reports are from before his surgery, Stubblefield has not supplied the record with recent medical data that he is disabled. In fact, the most recent report concludes that Stubblefield can lift and carry 10 pounds frequently and up to 50 pounds occasionally. It also concludes that Stubblefield can sit for up to eight hours and stand for up to six hours in an eight hour work day. Although Stubblefield apparently suffers from back pain, no medical fact shows that it is so severe that it disables him.

Stubblefield also claims that he suffers from depression, making him unable to work. He told the hearing officer that he had been seeing and receiving medication from a psychiatrist for at least six weeks. The hearing officer left the record open for Stubblefield to submit records and other evidence from those visits. Stubblefield did nothing.

Finally, Stubblefield argues that he can not benefit anyone by working. Substantial evidence supports the hearing officer's determination that he can. The hearing officer heard testimony by the vocational expert that an individual in Stubblefield's condition could perform at least three different jobs defined in the Dictionary of Occupational Titles. Thus, substantial evidence supported the commissioner's decision that Stubblefield could work.

7. Conclusion.

The decision of the commissioner denying Keith Stubblefield's claim for disability insurance is supported by substantial evidence and will be affirmed.

Signed on July 26, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge